**ENTER JS6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>CARLOS ZAVALA-DELGADO,<br><br>                Defendant. | CASE NO. SACV 07-1047-R<br>CR 05-277-R<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. §2255 |

    Defendant Carlos Zavala-Delgado, pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On January 4, 2006, Defendant pled guilty to the one count Indictment of Illegal Alien Found in the United States Following Deportation in violation of 8 U.S.C. § 1326. On May 9, 2006, Defendant was sentenced to 60 months imprisonment and 3 years supervised release. Defendant did not appeal his conviction or sentence, but filed the instant collateral attack on September 10, 2007.

    Defendant seeks to reduce his sentence on the following grounds: (1) his status as a deportable alien leaves him unable to take advantage of certain programs offered by the Bureau of Prisons ("BOP") and entitles him to a downward departure; (2) the government could have offered up to a two-level reduction in offense level for stipulation to deportation pursuant to an Attorney General Memorandum dated April 28, 1995, but did not; and (3) his exclusion from various BOP programs violates his rights to

1 due process and equal protection under the United States Constitution and Equal Rights Act of 1964.

2     A § 2255 movant procedurally defaults his claims if he does not raise those issues before the district court or on direct appeal to the Ninth Circuit. <u>See, e.g.</u>, <u>U.S. v. Frady</u>, 456 U.S. 154, 162, 164 (1982); <u>U.S. v. Johnson</u>, 988 F.2d 941 (9th Cir. 1993). Here, Defendant did not raise the issues within his Motion before the district court or the court of appeals on direct review. Thus, Defendant procedurally defaulted on these claims.

    Once a claim has been procedurally defaulted, a court may entertain that claim in a § 2255 proceeding only if defendant establishes both (1) cause for failing to raise the issue and (2) resulting prejudice. <u>Frady</u>, 456 U.S. at 162, 164. Here, Defendant has shown no cause in his Motion. Therefore, this court may not entertain Defendant's claims.

IT IS SO ORDERED that Defendant's motion is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel in this matter.

DATED: June 25, 2008.

                                                           MANUEL L. REAL
                                       UNITED STATES DISTRICT JUDGE